## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **RAFORD R. BONNER, II** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. CIV-11-95 R** |
| | ) | |
| **SHERIFF JOE LESTER AND** | ) | |
| **SUSAN CASWELL** | ) | |
| **Defendants.** | ) | |

### MOTION TO DISMISS AND
### MEMORANDUM IN SUPPORT

 **COMES NOW,** the Defendants, Sheriff Joe Lester and Susan Caswell, Assistant District

Attorney in their individual and/or official capacities by and through their attorney of record,

David J. Batton, Assistant District Attorney, and respectfully requests the Court to dismiss this

proceeding as Plaintiff has in this frivolous proceeding  failed to state a claim for which relief can

be granted pursuant to Fed. R. Civ. P. Rule 12 (b)(6), **has failed to serve a complaint with the**

**Summons**, and is attempting to refile a action that has been previously dismissed. In support the

Respondents would respectfully show the Court as follows:

### Statement of the Case

 Plaintiff is attempting to refile  previous actions that were dismissed without any legal or

factual justification and apparently desires to obtain some form of relief he would not otherwise

be entitled. Plaintiff's action is frivolous and conclusory in nature and is not based on any factual

or legal circumstance to afford relief. Previously Plaintiff had file almost identical actions in

*Bonner v. Lester*, CIV-10-04-R; and in *Bonner v. Lester*, CIV-09-791-R that were never served

on the Defendants and were dismissed pursuant to reports and recommendations.

1

## Memorandum in Support of Motion to Dismiss

**Proposition I.**

**Plaintiff fails to State a Claim against Defendant Susan Caswell in her individual or official capacities.**

Plaintiff's cause of action names Susan Caswell in their individual and official capacities as prosecutors of the 21st Judicial District under 42 U.S.C. §1983. A violation of constitutional rights against persons acting under color of law are usually redressed under § 1983 actions. However, §1983 "creates no substantive rights" but "merely provides remedies for deprivations of rights established elsewhere." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816, 105 S. Ct. 2427 (1985). The United States Supreme Court in *Richardson v. McKnight*, 521 U.S. 399, 403, 117 S. Ct. 2100 (1997) recognized that certain public officials are entitled to absolute immunity under § 1983 during the performance of their official duties, such is the case here.

Additionally the Eleventh Amendment to the United States Constitution has been held to prohibit certain §1983 actions either against the a state directly or a entity of the state. *Port Authority Trans Hudson Corp. V. Freeney*, 495 U.S. 299,304, 110 S. Ct. 1868 (1990).

**A. Defendant Caswell is entitled to absolute immunity due to the exercise of her official prosecutorial functions.**

Defendant Caswell is absolutely immune to liability claims under §1983 actions for acts conducted in a prosecutorial capacity. Prosecutors are entitled to absolute immunity for their decisions to prosecute, their investigatory or evidence-gathering actions, their evaluation of evidence, their determination of whether probable cause exists, and their determination of what information to show the court. *Imbler v. Pachtman*, 424 U.S. 409, 425-28 (1976). In *Kalina v. Fletcher*, 522 U.S. 118, 126, 118 S. Ct. 502 (1997) the Supreme Court determined prosecutors are absolutely immune from civil liability for damages for "acts undertaken by a prosecutor in

preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273, 113 S.Ct.2602 (1993). (prosecutorial immunity extends to the prosecutor's evaluation of evidence assembled by investigators). The decision to prosecute is such a protected act. *Imbler,* 424 U.S. 409, 431, 96 S.Ct. 984 (1976).

   Absolute immunity also extends to those activities "intimately associated with the judicial phase of the criminal process," which undoubtedly includes initiating criminal proceedings. *Imbler,* 424 U.S. 409, 430, 96 S.Ct. 984 (1976). Absolute immunity also applies even if the prosecutor files charges knowing he lacks probable cause. *See id.* at 431 n. 34, 96 S.Ct. 984 (applying immunity even when prosecutor deliberately withholds exculpatory information from the court).

   The Tenth Circuit has applied the above Supreme Court precedent in various situations. In *Roberts v. Kling*, 104 F.3d 316, 319 (10th Cir.1997), for example, The Tenth Circuit determined absolute immunity applied to a deputy district attorney who approved a criminal complaint for prosecution. The tenth Circuit pointed out that analysis is a "continuum based approach" and the "more distant a function is from the judicial process, the less likely absolute immunity will attach." *Id.* at 318-19 (quoting *Gagan v. Norton*, 35 F.3d 1473, 1475 (10th Cir.1994)). The "determinative factor is `advocacy' because that is the prosecutor's main function and the one most akin to his quasi-judicial role." 104 F.3d at 319. But "absolute immunity may attach even to . . . administrative or investigative activities when these functions are necessary so that a prosecutor may fulfill his function as an officer of the court." *Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1490 (10th Cir.1991). Thus, absolute prosecutorial immunity is applicable to (1) preparation and initiation of charges, *id.;* (2) prosecuting civil and administrative enforcement

proceedings, *Snell v. Tunnell*, 920 F.2d 673 (10th Cir.1990); and (3) investigating and filing a commitment proceeding, *Scott v. Hern*, 216 F.3d 897 (10th Cir.2000).

It is clear that a prosecutor's courtroom conduct falls on the advocacy side of the line. *Buckley*, 509 U.S. at 274, 113 S.Ct. 2606. And it is equally clear that advocacy is not limited to filing criminal charges or arguing in the courtroom. *Id.* at 272, 113 S.Ct. 2606. Thus, especially when considering pre-indictment acts, it is important to consider other factors, such as (1) whether the action is closely associated with the judicial process, *Burns*, 500 U.S. at 495, 111 S.Ct. 1934, (2) whether it is a uniquely prosecutorial function, *id.* at 491 n. 7, 111 S.Ct. 1934, and (3) whether it requires the exercise of professional judgment, *Kalina*, 522 U.S. at 130, 118 S.Ct. 502. In sum, a prosecutor is entitled to absolute immunity for those actions that cast him in the role of an advocate initiating and presenting the government's case. *Mink v. Suthers*, 482 F.3d 1244, 1262 (10th Cir. 2007)

Plaintiff has not sufficiently plead his case where the "factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. V. Twombly*, 127 S. Ct. 1964, 1965, 167 L. Ed. 2d 929 (2007). Plaintiff's complaint must give this Court reason to believe that this plaintiff will have a factual or legal basis for his claims. See *Ridge at Red Hawk, L.L.C.  v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

Absolute Immunity has been repeatedly held by the United States Supreme Court to be enjoyed by prosecutors insulating them from liability for actions taken or performed in their judicial capacities.

Plaintiff has repeatedly admitted in his pleadings that any and all actions were taken where Respondents were acting solely within their prosecutorial capacity. Nothing in the pleadings indicates that absolute immunity is unavailable.

4

This matter appears to lack good faith and does not have a reasonable foundation under Fed. R. Civ. P. Rule 11 and appears more to be  designed to harass  rather than seek legitimate relief.

**B. The official acts of Defendant Caswell is entitled to immunity under the Eleventh Amendment.**

In this instance, any federal jurisdiction will be foreclosed by sovereign immunity of the State of Oklahoma. *Papasan v. Allain*, 478 U.S. 265, 276, 106 S. Ct. 2932 (1986). Eleventh Amendment precludes suits against the state brought by its citizens regardless of the nature of relief sought. *Port Authority Trans Hudson Corp. V. Freeney*, 495 U.S. 299,304, 110 S. Ct. 1868 (1990); and, *Edelman v. Jordan*, 415 U.S. 651, 662-63, 94 S. Ct. 1347 (1974). The Tenth Circuit also has noted that "Eleventh Amendment immunity applies whether the relief sought is legal or equitable." *Ramirez v. Oklahoma Dept. Of Mental Health*, 41 F.3d 584, 589 (10th Cir. 1994).

Without a waiver, consent to suit, or congressional abrogation immunity, any action brought in which the state or one of its agencies is named as a defendant will be barred by the Eleventh Amendment. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100, 104 S. Ct. 900 (1984). The State of Oklahoma through the 21st  Judicial District has never specifically waived its Eleventh Amendment immunity. *McKinney v. State of Oklahoma*, 925 F.2d 363, 365 (10th Cir. 1991).

As Plaintiff as brought this action against Respondents in their "official capacity" the Eleventh Amendment immunity remains unchanged. *Kentucky v. Graham*, 473 U.S. 159, 105 S. Ct. 3099 (1985); *Garcia v. Board of Educ. of Socorro Consol. School Dist.*, 777 F.2d 1403 (10th Cir. 1985), *cert denied*, 479 U.S. 814 (1986). States or their governmental entities as well as state officials acting in their "official capacity" are not considered **persons** under §1983. *Will v.*

*Michigan Department of State Police*, 491 U.S. 58, 68-71, 109 S. Ct. 2304 (1989); and *Howlett v. Rose*, 496 U.S. 356, 365, 110 S. Ct. 2430 (1990).

Defendant cannot be sued in federal or state court unless the State has consented, such is not the case in this instance. See *Garrett v. Board of Trustees of University of Alabama*, 531 U.S. 356, 120 S. Ct. 955 (2001) ( lawsuit brought pursuant to federal statute, Americans with Disabilities Act, by a private citizen against the state will be barred by Eleventh Amendment immunity). Plaintiff has not plead any cause of action that will get him around the Eleventh Amendment. This matter appears to lack good faith and does not have a reasonable foundation under Fed. R. Civ. P. Rule 11.

**Proposition II**

**There is no genuine issue of material fact to support Plaintiff's 42 U.S.C. § 1983 claims against Defendant Lester regarding Plaintiff's incarceration and Defendant Lester is entitled to dismissal for failure to state a claim and/or qualified immunity regarding the accusations made by Plaintiff's concerning Sheriff Lester.**

Plaintiff filed this lawsuit under 42 U.S.C. § 1983 alleging, among various other allegations that can be determined that he was arrested and held in custody. In *Lewis v. Tripp*, 604 F.3d 1221, 1230 (10th Cir. 2010), the court reversed the denial of qualified immunity on summary judgment to an Oklahoma state official where the defendant agency director's direct participation in the alleged illegal search of the plaintiff's office was not shown. The court noted that the plaintiff failed to set forth any facts that would show the agency director's requisite causal connection in a constitutional violation. *Id*. at 1226-27. The court observed that no evidence existed that suggested that the director used his authorized communications to instruct the officers to act unconstitutionally, or that he was involved in any allegedly unlawful activities. *Id*. at 1230.

The court noted, that in the application of the qualified immunity defense, the discussion should involve "what [the defendant] did or where, when, or why he took any action that might have violated [the plaintiff's] . . . rights." *Id.* at 1226-27. The court held that the plaintiff "hasn't demonstrated a constitutional violation, let alone a clearly established one." *Id.* The Plaintiff has not shown any participation by the Sheriff or any unconstitutional policy.

There appears no likelihood Plaintiff will be able to able to plead facts or present any scenario that will afford him relief considering the immunities that have not been waived and are controlling. See *Opala v. Watt*, 454 F.3d 1154 (10th Cir. 2006). Plaintiff's case just is not the vehicle for the apparent relief he seeks and should be dismissed at earliest possible stage.

Plaintiff cannot show that Sheriff Lester was involved in any deliberate indifference to any unconstitutional conditions relating to Plaintiff. See *Honeycutt v. Ringgold*, No. 10-6077, 2010 WL 3818062 (10th Cir. Oct. 1, 2010) (jailer was entitled to qualified immunity where prisoner failed to show that jailer was deliberately indifferent to prisoner's health and safety).

The Eighth Amendment does not mandate comfortable prisons. See *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S. Ct. 2392, 69 L. Ed.2d 59 (1981). Deliberate indifference is the appropriate standard for all Eight Amendment claims that prison or jail officials have failed to provided pretrial detainees with adequate food, clothing, shelter, medical care and/or reasonable safety. *Hartsfield v. Colburn*, 491 F.3d 394, 396 (8th Cir.2007). Deliberate indifference is equivalent to the criminal law standard of recklessness–that is, a prison or jail official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference. Id. at 397.

Defendant Lester is entitled to qualified immunity regarding Plaintiff's excessive force claim. Plaintiff alleges that he was unlawfully restrained somehow. Defendant Lester contends

that there was no constitutional violation with regard to any excessive force. However, if there

was a constitutional violation, it was not clearly established "Ordinarily, in order for the law to be

clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or the

clearly established weight of authority from other courts must have found the law to be as the

plaintiff maintains." *Medina v. City and County of Denver*, 960 F.2d 1493, 1498 (10th Cir.

1992).

The standard governing the treatment of pretrial detainees, such as Plaintiff, is governed

by the Fifth and Fourteenth Amendments' Due Process Clause. *Bell v. Wolfish*, 441 U.S. 520, 99

S. Ct. 1861, 60 L. Ed.2d 447 (1979). However, courts are to apply an analysis identical to that

applied in Eighth Amendment cases. *Lopez v. LeMaster*, 172 F.3d 756, 759 n.2 (10th Cir. 1999).

In *Lewis v. City of West Palm Beach*, 561 F.3d 1288, 1290-1293 (11th Cir. 2009), the court held

that the detainee's right to not be restrained via "hobbling" and being "hogtied" was not clearly

established and granted qualified immunity to defendant police officers. The court reasoned that

"[t]he application of the hobble may not have been entirely necessary; however, the officers'

attempts to restrain [the decedent detainee] were not so violent and harsh to be considered an

egregious violation of a constitutional right, and they are not an obstacle to the application of

qualified immunity." *Id.* at 1292.

In *Lewis*, the court held that the officers were entitled to qualified immunity as the

detainee's right not to be forcibly restrained by the officers in a manner that included hobbling

and being hog-tied was not clearly established to preclude the officers' qualified immunity from

a § 1983 excessive force claim. *Id.* at 1291-92. In *Nichols v. Davison*, 2005 WL 1950361, *2

(W.D. Okla. 2005), police officers pepper sprayed, used batons, tasered and placed a man the

officers were attempting to arrest in four-point restraints. The man later died and his personal

8

representatives brought a suit against the officers. The court ruled that the officers use of the

four-point restraints did not constitute excessive force given the man's violent behavior and

resistance. *Id.* at *3. The court determined that the four-point restraint used did not meet the

definition of hogtying, as defined by the Tenth Circuit in *Cruz v. City of Laramie*, 239 F.3d 1183

(10th Cir. 2001).

In *Taylor v. Edelman*, 250 Fed. Appx. 187, 2007 WL 2915440 (8th Cir. 2008), the

plaintiff claimed that prison officials used excessive force to remove him from his cell and that

the officials obstructed his access to medical care. The court held that the prison officials used an

appropriate amount of force during a good faith effort to maintain or restore discipline.  In

*Payette v. Hoenisch*, 284 Fed. Appx. 348, 2008 WL 2648917, **2-3 (7th Cir. 2008), the court

held that an inmate's placement in restraints (described as bindings to the legs, wrists and waist)

for five days was not cruel and unusual punishment because the inmate "failed to show that it

was done maliciously or sadistically[]" and the inmate failed to rebut the evidence that he was

placed into restraints for the legitimate purposes of preventing harm to jail property and to

himself. The court stated that "[s]hackling a prisoner based on a valid penological reason for a

short period of time ordinarily does not violate the constitution[]" and cited *Key v. McKinney*,

176 F.3d 1083, 1086 (8th Cir. 1999) and *Bruscino v. Carlson*, 854 F.2d 162, 166 (7th Cir. 1988),

in this regard.

The Tenth Circuit has stated that in order "[t]o prevail on a 'conditions of confinement'

claim under the Eighth Amendment, **an inmate must establish** that (1) the condition complained

of is 'sufficiently serious' to implicate constitutional protection, and (2) prison officials acted

with 'deliberate indifference' to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834,

114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). In order to satisfy the first requirement, "the inmate

must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Id.*

With regard to the second requirement, the Supreme Court has explained that "deliberate

indifference entails something more than mere negligence. . . [but] something less than acts or

omissions for the very purpose of causing harm or with the knowledge that harm will result." *Id.*

at 835. The Court defined this "deliberate indifference" standard as equal to "recklessness" in

which "a person disregards a risk of harm of which he is aware." *Id.* at 836-37, 114 S. Ct. 1970. .

An Eighth Amendment excessive force claim cannot be predicated on a de minims use of

force. *O'Malley v. Lutscher*, 465 F.3d 799, 805 (7th Cir. 2006). In *O'Malley*, the court held that,

during the course of the execution of a force-feed order, the fact that it took several attempts to

place his IV line did not establish the use of excessive force. *Id.* at 801; 805. The court also held

that the application of a five-point restraint was not excessive force in this context. *Id.* at 805. In

*Miller v. Glanz*, 948 F.2d 1562, 1569-70 (10th Cir. 1991), an inmate's allegation that officers

cuffed his legs to the bars and caused him to be stretched out in an awkward position for almost

two hours was held by the court to be insufficient under the Eighth Amendment to warrant relief.

Therefore, in the present case, Defendant Lester should be entitled to qualified immunity

because it was not clearly established that the use of restraints in this case was a clearly

established violation of federal constitutional law. Plaintiff cannot show that the restraint used

against him **if any** in the Cleveland County Jail violated clearly established law, and therefore,

Defendant Lester  is entitled to qualified immunity.

**Proposition III**

**Plaintiff has failed to state a cause of action.**

In *Robbins v. Oklahoma*, 519 F.3d 1242,1250 (10ᵗʰ Cir. 2008) the Tenth Circuit held where the complaint failed to isolate the alleged unconstitutional acts of each defendant, it did not provide adequate notice as to the nature of the claims against each. *Id*. at 1250. The Tenth Circuit also noted that the burden resets on the plaintiffs to provide fair notice of the grounds for the claims made against each defendant.

Previously the reports and recommendations found that Plaintiff had failed to establish a cause of action. Plaintiff again just pleads conclusory allegations of generic wrongdoing.

**WHEREFORE,** premises considered, Defendants respectfully request this Court to Dismiss the case with prejudice award Defendant its costs and attorney fees and for such further relief this court finds just and equitable.

Respectfully submitted,

By:     /s/ David J. Batton
DAVID J. BATTON, OBA # 11750
Assistant District Attorney
201 S. Jones
Norman, OK  73069
(405) 321-8268
(405) 360-7840 FAX
dbatton@okco14.org

11

**CERTIFICATE OF DELIVERY**

This is to certify that on this 15TH day of March, 2011, a true and correct copy of the foregoing instrument was electronically mailed and delivered to the following:

This is to certify that on this 15th day of March, 2011, a true and correct copy of the foregoing instrument was sent via U.S. Mail, First Class, postage prepaid to the following who are not registered participants of the ECF system:

Rayford R. Bonner II
2828 S. E. 89th Terrace
Oklahoma City OK 73159

/s/ David J. Batton
DAVID J. BATTON