**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **RAFORD BONNER, II,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   Case No. CIV-11-95-R |
| | ) |
| **SHERIFF JOE LESTER, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

Before the Court is Defendants' motion to dismiss Plaintiff's Complaint "for failure to serve a complaint with the summons," because this is a refiling of prior actions filed by this Plaintiff[1] and on the ground that Plaintiff has failed to state a claim on which relief can be granted. Doc. No. 13. With respect to Plaintiff's alleged failure to state a claim on which relief can be granted, Defendant Susan Caswell asserts that she is entitled to absolute prosecutorial immunity and, to the extent she is sued in her official capacity is entitled to Eleventh Amendment immunity. Defendant Joe Lester, who is the Sheriff of Cleveland County, seems to suggest that he too is entitled to Eleventh Amendment immunity. Finally, Defendant Lester asserts that he is entitled to qualified immunity on what Defendant Lester terms Plaintiff's Fifth and Fourteenth Amendment claims as a pretrial detainee relating to the conditions of his confinement and excessive force.

No proof of service upon Defendant Susan Caswell has been filed. However, the Court agrees with Defendant Caswell that she is absolutely immune from Plaintiff's claim

---

[1]The prior actions, Case Nos. CIV-10-04-R and CIV-09-791-R, were not dismissed with prejudice.

against her predicated on his allegation that Defendant Caswell tried to convict the Plaintiff based on lies and evidence that was favorable to Plaintiff but that had been tampered with, *see* Complaint at p. 2. A prosecutor is absolutely immune from liability for money damages under Section 1983 for activities associated with "initiating a prosecution [and] presenting the state's case," including damages arising from the presentation of testimony or other evidence in a criminal case. *Imbler v. Pachtman*, 424 U.S. 409, 424-29, 430-41, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). A prosecutor performing prosecutorial functions is even immune from damages on a Section 1983 claim for jury tampering. *See Bell v. State of Oklahoma*, 161 F.3d 17, 1998 WL 658294 at * 1 (10th Cir. Sept. 15, 1998)(No. 98-6260). Absolute immunity applies to claims that a prosecutor used perjured testimony and claims that a prosecutor willfully suppressed evidence. *See Imbler v. Pachtman*, 424 U.S. 431 n. 34, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); *Robinson v. Volkswagenwerk AG*, 940 F.2d 1369, 1372 n. 4 (10th Cir. 1991). By analogy, Defendant Caswell is likewise absolutely immune from damages on Plaintiff's § 1983 claim against her herein.

A district attorney or assistant district attorney is a state officer entitled to Eleventh Amendment immunity from actions against him or her in his or her official capacity. *See Erikson v. Pawnee County Board of County Commissioners*, 263 F.3d 1151, 1153-54 (10th Cir. 2001); *Arnold v. McClain*, 926 F.2d 963, 966 (10th Cir. 1991). Accordingly, Defendant Caswell is entitled to Eleventh Amendment immunity on Plaintiff's § 1983 claim for damages against her in her official capacity.

Defendant Joe Lester's motion fails to reflect whether he is asserting insufficient process or insufficient service of process, *see* F.R.Civ.P. 12(b)(4)( & (b)(5) and he makes no argument directed to process or service of process. Accordingly, the Court will not consider this aspect of Defendants' motion. Defendant Lester is GRANTED leave to amend his motion directed to this issue within ten (10) days of the date of this Order.

As Sheriff of Cleveland County, Defendant Joe Lester is an officer of the county, not an officer of the state entitled to Eleventh Amendment immunity. *See Meade v. Grubbs*, 841 F.2d 1512, 1524-26 & 1529 n. 17 (10th Cir. 1988). Accordingly, Defendant Lester is not immune from damages on Plaintiff's § 1983 claim against him in his official capacity based upon the Eleventh Amendment.

Plaintiff alleges 42 U.S.C. § 1983 claims against Defendant Sheriff Joseph K. Lester for the deprivation of Plaintiff's First, Fourteenth and Eighth Amendment based upon having his mail tampered with and being chained to the floor for 7-8 months while in the Cleveland County Detention Center (CCDC) or jail, which Plaintiff alleges Defendant Lester "allowed." In Requests to Staff attached to Plaintiff's response to Defendants' motion to dismiss, Plaintiff states, *inter alia*, that he was told by the Sheriff "that the bench that I am chained to is where I am to sleep," that he was "shackled to the floor in the receiving area," and that the "Sheriff made the call that the bench is my area." *See* Exhibits (CCDC Requests to Staff) attached to Plaintiff's response to Defendants' motion to dismiss). By alleging simply that his mail was tampered with while in CCDC, Plaintiff has failed to state a § 1983 claim against Defendant Lester for the deprivation of his First Amendment rights. Even if

the Court treats the statement in Plaintiff's response to Defendants' motion to dismiss that his legal mail had been tampered with and opened as amending his Complaint, Plaintiff has failed to allege sufficient facts to state a plausible claim to relief. To the extent Plaintiff is attempting to state a claim for denial of access to the courts by virtue of the mail tampering, he has failed to allege "non-delivery of his legal mail resulted in actual injury by frustrating, impeding or hindering his efforts to pursue a legal claim." *Wardell v. Duncan*, 470 F.3d 954, 959 (10th Cir. 2006)(internal quotations and citations omitted). Likewise, Plaintiff has failed to allege sufficient facts to state a claim for the deprivation of his First Amendment rights to receive mail, to have his outgoing mail processed or his freedom of speech. *See Wardell v. Duncan*, 470 F.3d at 959-63; *see also Brown v. Saline Court Jail*, 303 Fed. Appx. 678; *Treff v. Galetka*, 74 F.3d 191, 194-96 (10th Cir. 1996). The Court does not reach the other aspect of the qualified immunity inquiry, that is, whether the First Amendment right(s) Plaintiff invokes was (were) clearly established at the time of the alleged mail tampering, because Plaintiff has failed to allege sufficient facts to make out a violation of Plaintiff's constitutional right(s) by or resulting from mail tampering. *See Pearson v. Callahan*, 555 U.S. 223, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009).

The Due Process Clause governs a pretrial detainee's claim of unconstitutional conditions of confinement but the Eight Amendment provides the standard for such a claim. *Craig v. Eberly*, 164 F.3d 490,495 (10th Cir. 1998). The Eighth Amendment "requires jail officials to provide humane conditions of confinement by ensuring inmates receive the basic necessities of adequate food, clothing, shelter, and medical care and by taking reasonable

measures to guarantee the inmates' safety." *Id.* at 495 (quoting *Barney v. Pulsipher*, 143 F.3d 1299, 1310 (10th Cir. 1998)). Jail conditions may be "restrictive and even harsh" without violating constitutional rights, *id.*, but deprivations denying the civilized measures of life's necessities that are sufficiently grave violate the Eight Amendment. *See id.*, citing *Wilson v. Seiter*, 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). Unnecessary and wanton inflictions of pain without any penological justification also violate the Eight Amendment. *See Hope v. Pelzer*, 536 U.S. 730, 737, 122 S.Ct. 2508, 153 L.Ed.2d 666, 677 (2002). Chaining a detainee (or inmate) to a bench in a jail for seven or eight months and requiring the detainee to sleep on the floor or bench during that period amounts to gratuitous infliction of wanton and unnecessary pain, and violates contemporary standards of decency and human dignity. *See Hope v. Pelzer*, 536 U.S. at 738, 122 S.Ct. at __, 153 L.Ed.2d at 677-78. The substantial risk of serious harm the Plaintiff's health and safety was obvious, as a result of which the Court can infer Defendant Sheriff's subjective state of mind, that is, that he acted with deliberate indifference to the health and safety of Plaintiff. *See id.* The Eight Amendment right to be free from the unnecessary and wanton infliction of pain was clearly established at the time of Defendant Sheriff's actions and Defendant had fair warning that the conduct of chaining a detainee to a bench and requiring him to sleep on the bench or floor for seven or eight months violated the Constitution. *See Hope*, 536 U.S. at 739-46, 122 S.Ct. at __, 153 L.Ed.2d at 678-82. Accordingly, Defendant Sheriff Joseph K. Lester is not entitled to qualified immunity

The Court treats Plaintiff's request for appointment of counsel included in his response to Defendants' motion to dismiss as a motion for appointment of counsel. District courts have broad discretion regarding whether to request that an attorney represent an indigent litigant in a civil proceeding. *See Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991); 28 U.S.C. § 1915(e)(1). In exercising that discretion, the Court must consider a number of factors, including (1) the merits of the litigant's claims; (2) the nature of the factual issues involved; (3) the litigant's ability to present the claims; and (4) the complexity of the legal issues raised. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). Plaintiff's claim appears to have significant merit and although the factual and legal issues raised by the claim are not complex, Plaintiff's indigency, lack of legal knowledge and mental health problems (apparent from one of the CCDC Requests to Staff) will make it extremely difficult if not impossible for him to pursue his claim. Therefore, the Court GRANTS Plaintiff's motion for appointment of counsel. The Court will notify Plaintiff when it has obtained counsel who has agreed to represent Plaintiff.

In accordance with the foregoing, Defendants' motion to dismiss Plaintiff's Complaint is GRANTED in part and DENIED in part. Defendant Susan Caswell's motion to dismiss is GRANTED and Plaintiff's Complaint against her is DISMISSED. Defendant Sheriff Joe Lester's motion to dismiss Plaintiff's § 1983 claim based on mail tampering is GRANTED and in all other respects Defendant Sheriff Joe Lester's motion to dismiss is DENIED, without prejudice to that Defendant's amendment of his motion within ten (10) days of the

date of this Order to address the sufficiency process or service of process. Plaintiff's request for appointment of counsel, treated as a motion, is GRANTED.

IT IS SO ORDERED this 7th day of April, 2011.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE