IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RAYFORD BONNER, II, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-11-095-R |
| | ) | |
| SHERIFF JOSEPH LESTER, et al., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT SHERIFF JOE LESTER'S AMENDED
MOTION TO DISMISS AND MEMORANDUM IN SUPPORT**

Defendant Sheriff Joe Lester submits this Motion to Dismiss pursuant to Fed. R. Civ.

P. 12(b)(5) and the Court's Order of April 7, 2011 and request the Court to dismiss the

Complaint because Plaintiff has failed to properly serve Defendant Sheriff Joe Lester. "A

federal court is without personal jurisdiction over a defendant unless the defendant has been

served in accordance with Rule 4, Fed. R. Civ. P." Benny v. Pipes, 799 F.2d 489, 492 (9th

Cir.1986).

**I.    PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE THERE
WAS INSUFFICIENT SERVICE**

Plaintiff's Complaint should be dismissed, pursuant to Fed. R. Civ. P. 12(b)(5)

because there was insufficient service.  "The plaintiff bears the burden of establishing that

the service of process has been accomplished in a manner that complies with Rule 4 of the

Federal Rules of Civil Procedure." Plant Genetic Systems, N.V., v. Ciba Seeds, 933 F. Supp.

519, 526 (M.D.N.C.1996); Khan v. Khan, 360 Fed. Appx. 202, 203 (2d Cir. 2010) (plaintiff

bears the burden to show that service was sufficient on a Rule 12(b)(5) motion.).  In this case,

Plaintiff will be unable to meet his burden because Plaintiff failed to establish service of process for three reasons.  Additionally, the Court may consider sworn declarations and other evidence which supports a defendant's allegations of insufficient service of process without converting the motion to one for summary judgment.  See Davis v. Musler, 713 F.2d 907, 910-11 (2d Cir. 1983).

First, Plaintiff failed to serve a complaint with the summons.  See Exhibit 1, Sworn Declaration of Sheriff Joe Lester.  Fed. R. Civ. P. 4(c)(1) requires that a summons be served with a copy of the complaint and provides that the plaintiff is responsible for ensuring that the summons and copy of the complaint are served.   In Carter v. Keystone,  278 Fed. Appx. 141, 2008 WL 2108240 (3d Cir. 2008), which also involved a pro se plaintiff, the complaint was properly dismissed where plaintiff failed to serve a copy of the complaint with the summons.

Second, service was made on an improper person.  The Summons and Proof of Service (Doc. 11) that Plaintiff filed shows that the Certified Mail was signed for by Tina Fouble.  In Carthen v. Baptist Medical Center, 2011 WL 855279 (M.D. Ala. Feb. 23, 2011), service was not sufficient where certified mail was delivered to an individual who was not authorized to receive defendant's mail.  Likewise, Ms. Fouble was not authorized to accept service on behalf of Defendant Lester or the Sheriff's Office.  See Exhibit 1, Sworn Declaration of Sheriff Joe Lester.  In Schaeffer v. Village of Ossining, 58 F.3d 48 (2d Cir. 1995), service was quashed where process served on clerk not authorized to accept service on behalf of defendant municipality.  In this case, Plaintiff failed to comply with Fed. R. Civ.

2

P. 4(e).  Plaintiff did not serve Defendant Lester personally, did not leave a copy of the Summons and Complaint at Defendant Lester's dwelling or usual place of abode with someone of suitable age and discretion who resides there and did not deliver a copy of the Summons and Complaint to an agent authorized by appointment or by law to receive service of process.  See Fed. R. Civ. P. 4(e)(2)(A)-(C).  Furthermore, Plaintiff did not follow Oklahoma state law for serving a summons.  See Fed. R. Civ. P. 4(e)(1).  Therefore, Plaintiff has failed to effect service on Defendant Lester in his individual capacity.  Plaintiff also failed to effect service on Defendant Lester in his official capacity because Plaintiff did not deliver a copy of both the Summons and Complaint to Sheriff Lester and did not serve a copy with the Cleveland County Clerk.  See Fed. R. Civ. P. 4(j)(2)(A)-(B), Okla. Stat. tit. 51, § 163(f) and Okla. Stat. tit. 19, § 5.

Third, Plaintiff served the summons himself.  This is impermissible.  See Fed. R. Civ. P. 4(c)(2) ("Any person who is at least 18 years old and not a party may serve a summons and complaint."); Jones-Rankins v. Cardinal Health, Inc., 2011 WL 1253257, *1 (D. Ariz., Apr. 4, 2011) (service was insufficient where plaintiff, herself, mailed a copy of the summons and complaint to an employee working in defendant's legal department).  The Summons and Proof of Service (Doc. 11) shows that Plaintiff, himself, attempted the service via certified mail.  Plaintiff's signature further appears on the line requesting the server's signature on the Proof of Service.  As a party to this suit, Plaintiff cannot properly serve a summons, even if accomplished by certified mail.  In Olson v. Federal Election Commission, 256 F.R.D. 8, at *10 (D.D.C. 2009), dismissal was granted when plaintiff attempted to serve defendant by

3

mail.  The <u>Olson</u> court held that "Rule 4(c)(2) is violated when a plaintiff personally attempts to serve a defendant - including the United States - by mail."  <u>Id.</u> Therefore, the Complaint should be dismissed because Plaintiff has failed to properly serve Defendant Lester.

**<u>CONCLUSION</u>**

For the reasons stated Defendant Sheriff Joe Lester requests that the Complaint be dismissed in its entirety.

Respectfully submitted,

/s/ Emily B. Fagan
David W. Lee, OBA # 5333
Emily B. Fagan, OBA # 22427

LEE LAW CENTER, P.C.
6011 N. Robinson Avenue
Oklahoma City, OK  73118-7425
(405) 848-1983/Fax: (405) 848-4978
Email: efagan@swbell.net

David J. Batton, OBA # 11750
Assistant District Attorney
201 S. Jones, Suite 300
Norman, OK  73069
(405) 321-8268/Fax: (405) 360-7840
Email: dbatton@okco14.org

ATTORNEYS FOR DEFENDANT
SHERIFF JOSEPH LESTER

<u>CERTIFICATE OF SERVICE</u>

     This is to certify that on April 18, 2011, a true and correct copy of the foregoing instrument was sent via U.S. Mail, First Class, postage prepaid to the following who is not a registered participant of the ECF system:

          Rayford Bonner, II
          2828 S.E. 89th Terrace
          Oklahoma City, OK  73159

                          /s/ Emily B. Fagan
                          Emily B. Fagan