**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **RAYFORD BONNER, II,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. CIV-11-095-R |
| ) | |
| **SHERIFF JOSEPH LESTER, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

**JOINT STATUS REPORT AND DISCOVERY PLAN**

Date of Conference:  November 28, 2011

Appearing for Plaintiff:  Ryan J. Reaves

Appearing for Defendant:  Emily Fagan

**Jury Trial Demanded ☒  -  Non-Jury Trial ☐**

1. **BRIEF PRELIMINARY STATEMENT**.  State briefly and in ordinary language the facts and positions of the parties to inform the judge of the general nature of the case.

    Plaintiff initially brought this claim *pro se*, and included several additional claims, which have since been dismissed. This statement addresses only the claims and the only remaining Defendant.

    Beginning in approximately November of 2008, Plaintiff was held for detention while awaiting trial in the Cleveland County Detention Center ("CCDC"). While in the CCDC, Plaintiff asserts that he was subjected to inhumane conditions of confinement and that the facilities and supervision provided were insufficient to ensure his safety and welfare. This action is brought pursuant to 42 U.S.C. §1983. Plaintiff has sued Joseph K. Lester, the Cleveland County Sheriff, in both his individual and official capacities. Defendant denies the allegations against him, and denies all of Plaintiff's allegations of constitutional violations.

2. **JURISDICTION**.  State the basis on which the jurisdiction of the Court is invoked

and any presently known objections:

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§1331 and 1391.

3. **STIPULATED FACTS**.  List stipulations as to all facts that are not disputed, including jurisdictional facts.

    A. Plaintiff is an individual and, at the time of the filing of this action, was a resident of Cleveland County, State of Oklahoma.

    B. Defendant is an individual and resident of Cleveland County, State of Oklahoma.

    C. Defendant serves as the Sheriff of Cleveland County.

    D. The Court has jurisdiction over the subject matter of this action, pursuant to 28 U.S.C. §1331.

    E. Venue in this Court is proper pursuant to 28 U.S.C. §1391.

    F. The Court has personal jurisdiction over Plaintiff and Defendant.

4. **CONTENTIONS AND CLAIMS FOR DAMAGES OR OTHER RELIEF SOUGHT**.

    A. Plaintiff: Beginning in approximately November of 2008, Plaintiff was held for detention in the Cleveland County Detention Center while awaiting trial. During that time, Plaintiff became depressed and suicidal and was removed from the general population of the CCDC. Because of overcrowding in the CCDC, Plaintiff failed to receive adequate supervision or facilities to ensure his health and safety and was subjected to inhumane conditions of confinement. Defendant is the Sheriff of Cleveland County and exercises supervision and control of the CCDC. Plaintiff believes that these acts and omissions were directed by Defendant and/or that Defendant acted with deliberate indifference. Plaintiff has requested compensatory and punitive damages pursuant to 42 U.S.C. §1983 and attorney's fees and costs pursuant to 42 U.S.C. §1988. Plaintiff may also seek specific remedial or injunctive relief, but does not have such a specific proposal at this time.

    B. Defendant: Defendant denies the allegations against him. Defendant is

entitled to qualified immunity, in his personal capacity, in this case. His actions were objectively reasonable and necessary. Defendant did not violate any of Plaintiff's clearly established rights. Defendant cannot be held liable for any alleged violations of Plaintiff's constitutionally protected rights pursuant to 42 U.S.C. § 1983 resulting from the acts of his agents, servants or employees under the doctrine of respondeat superior or vicarious liability. There is no unconstitutional custom, policy or procedure that led to the alleged violation of Plaintiff's rights. Plaintiff requested to be placed in the day room at the Cleveland County Detention Center, as opposed to remaining in a regular cell, knowing that he would not allowed free movement at all times. Any restraints used were for a limited period of time.

Defendant asserts the following affirmative defenses:

i. Defendant's actions were objectively reasonable.
ii. Defendant did not violate clearly established law.
iii. Defendant, in his individual capacity, is entitled to qualified immunity.
iv. Plaintiff has failed to state a claim of any kind against Defendant.
v. Plaintiff failed to exhaust his administrative remedies under the Prison Litigation Reform Act.
vi. Plaintiff's claims are barred in whole or in part by the Prison Litigation Reform Act.
vii. Defendant's actions or inactions were not the proximate cause of any alleged injuries or damages to Plaintiff.
viii. Defendant denies the nature and extent of Plaintiff's alleged injuries and damages.
ix. Defendant did not violate Plaintiff's constitutional or civil rights.
x. Any actions taken by Defendant were necessary under the circumstances existing at the time.
xi. Plaintiff failed to mitigate his damages, if any.
xii. Plaintiff's damages, if any, have been mitigated.
xiii. Plaintiff has failed to state a claim for punitive damages.
xiv. Plaintiff has failed to state a claim for injunctive damages.
xv. Consent.

5.  **APPLICABILITY OF FED. R. CIV. P. 5.1 AND COMPLIANCE**.

    Do any of the claims or defenses draw into question the constitutionality of a federal or state statute where notice is required under 28 U.S.C. § 2403 or Fed. R. Civ. P. 5.1?

    ☐ Yes ☒ No

6.  **MOTIONS PENDING AND/OR ANTICIPATED** (include date of filing, relief requested, and date responsive brief to be filed).

    No motions are currently pending. Defendant will be filing a Motion for Summary Judgment in accordance with the Court's Scheduling Order. Responsive brief is due 21 days after filing of motion for summary judgment.

7.  **COMPLIANCE WITH RULE 26(a)(1)**. Have the initial disclosures required by Fed. R. Civ. P. 26(a)(1) been made?  ☐ Yes   ☒ No
    If "no," by what date will they be made? **January 1, 2012.**

8.  **PLAN FOR DISCOVERY**.

    A. The discovery planning conference (Fed. R. Civ. P. 26(f)) was held on **November 22, 2011**.

    B. The parties anticipate that discovery should be completed within **eight (8) months**.

    C. In the event ADR is ordered or agreed to, what is the minimum amount of time necessary to complete necessary discovery prior to the ADR session? **4 to 6 months**.

    D. Have the parties discussed issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced, pursuant to Fed. R. Civ. P. 26(f)(3)(C)?

    ☒ Yes ☐ No

    At this time, the parties do not anticipate that discovery of ESI will be a significant factor in this action.

    E. Have the parties discussed issues relating to claims of privilege or of protection as trial-preparation material pursuant to Fed. R. Civ. P. 26(f)(3)(D)?

        ☒ Yes  ☐ No

        At this time, the parties do not believe that any unusual issues related to claims of privilege or trial-preparation material exist in this action.

    F. To the extent the parties have made any agreements pursuant to Fed. R. Civ. P. 26(f)(3)(D) and Fed. R. Civ. P. 502(e) regarding a procedure to assert claims of privilege/protection after production and are requesting that the court include such agreement in an order, please set forth the agreement in detail below and submit a proposed order adopting the same.

        The parties have not entered into any such agreements.

    G. Identify any other discovery issues which should be addressed at the scheduling conference, including any subjects of discovery, limitations on discovery, protective orders needed, or other elements (Fed. R. Civ. P. 26(f)) which should be included in a particularized discovery plan.

        The parties do not anticipate that any unusual discovery issues will be at issue and do not believe any special limitations will be necessary.

9. **ESTIMATED TRIAL TIME**: 3 days.

10. **BIFURCATION REQUESTED**:  ☐ Yes ☒ No

11. **POSSIBILITY OF SETTLEMENT**:  ☐ Good ☒ Fair ☐ Poor

12. **SETTLEMENT AND ADR PROCEDURES**:

   A. Compliance with LCvR 16.1(a)(1) - ADR discussion:  ☒ Yes  ☐ No

   B. The parties request that this case be referred to the following ADR process:

      ☐ Court-Ordered Mediation subject to LCvR 16.3

    ☐ Judicial Settlement Conference
    ☐ Other
    ☒ None - the parties do not request ADR at this time.

13. <u>Parties consent to trial by Magistrate Judge</u>?   ☐ Yes  ☒ No

14. <u>Type of Scheduling Order Requested</u>.  ☒ Standard  -  ☐ Specialized  (If a specialized scheduling order is requested, counsel should include a statement of reasons and proposal.)

Submitted this 22nd day of November, 2011.

/s/ Ryan J. Reaves
Ryan J. Reaves, OBA #22282
Mullins, Hirsch, Edwards,
Heath, White & Martinez, P.C.
100 Park Ave., Suite 400
Oklahoma City, Oklahoma 73102
Phone: (405) 235-2335
Fax: (405) 232-7930
rreaves@mullinshirsch.com

*Counsel for Plaintiff*

/s/ Emily B. Fagan
Emily B. Fagan & David W. Lee
Lee Law Center, P.C.
6011 N. Robinson Avenue
Oklahoma City, OK 73118-7425
(405) 848-1983
Fax: (405) 848-4978
Email: efagan@swbell.net

David J. Batton
Assistant District Attorney
201 S. Jones, Suite 300
Norman OK 73069
Phone: (405) 321-8268
Fax: (405) 360-7840
dbatton@okco14.org

*Counsel for Defendant*